IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DONNIE H. SULLIVAN and | ) | Case No. 05-42957-DRD |
| STEPHANIE S. SULLIVAN, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| MARLAYNA JEFFRIES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 05-8524-DRD |
| | ) | |
| DONNIE H. SULLIVAN and | ) | |
| STEPHANIE S. SULLIVAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

The subject of this adversary proceeding is a complaint filed by plaintiff Marlayna Jeffries ("Plaintiff") seeking a determination that a debt owed to her by Donnie H. Sullivan and Stephanie S. Sullivan ("Debtors")[1] is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) on the grounds that Debtors willfully and maliciously caused damage to Plaintiff's property. The Court has jurisdiction over the claim asserted in the complaint pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(I). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure made applicable to this proceeding by Rule 7052 of the

---

[1] Although Debtor Donnie H. Sullivan was named as a defendant in the adversary proceeding, there are no allegations in the pleadings, nor was there any testimony offered at trial, to suggest that he owes the Plaintiff any sum of money for damages caused to her vehicle. Therefore, this opinion is limited to an analysis of whether the debt owed to Plaintiff by Mrs. Sullivan is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that the debt to Plaintiff, owed by Debtor Stephanie Sullivan, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## I. FACTUAL BACKGROUND

Debtors are husband and wife. Plaintiff has a child, whose father is rumored to be Mr. Sullivan and who was conceived while Debtors were either dating or married. Debtors are currently expecting a child together. On April 15, 2005, the parties convened at Debtors' home with the intention of having dinner, cocktails and a "party", described more specifically by Mrs. Sullivan as a three-way sexual encounter, something they had done, at the suggestion of her husband, on several occasions in the past. Plaintiff arrived at Debtors' home around 8:15 p.m. and the parties proceeded to a local pizza eatery for dinner. After dinner, the parties went to a billiard hall and consumed several alcoholic beverages. After playing several games of pool, the parties retreated to Debtors' home. Within a half an hour after the parties arrived, an argument erupted between Debtors. The subject of the argument was whether the child of Mr. Sullivan and Plaintiff could live with Debtors for a limited time period. Mrs. Sullivan became angry and left. According to Plaintiff's testimony, Mrs. Sullivan got into her vehicle, and ran it into Plaintiff's vehicle more than once. Plaintiff testified that Mrs. Sullivan then got out of her vehicle, walked around to view the damage that she had caused to Plaintiff's vehicle, got back into her car and hit Plaintiff's vehicle at least one last time before driving away for the evening.

The police were called to the scene and a police report was made. Included in the police report are statements from witnesses who observed Mrs. Sullivan running her vehicle into another vehicle multiple times. Although Plaintiff did not wish to press charges against her at

the time the police report was made, she subsequently changed her mind.[2]  A lawsuit was filed by the City of Independence, Missouri against Mrs. Sullivan, who plead not guilty to the charge of property damage to Plaintiff's vehicle.[3]  She was, however, found guilty and was sentenced to two years probation.[4]  Plaintiff sustained damage to her vehicle in the approximate amount of $3,700.

There is a history of violence between the parties.  On one prior occasion, Mr. Sullivan left his wife after an argument and moved in with Plaintiff.  During this time, in an apparent attempt to talk with Mr. Sullivan, Mrs. Sullivan drove to Plaintiff's home and went inside Plaintiff's garage where she proceeded to throw things around in a fit of rage.  The police were called and Plaintiff testified that she pressed charges for trespassing.

## II. DISCUSSION AND LEGAL ANALYSIS

Plaintiff contends that the debt owed to her by Mrs. Sullivan should be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) because she willfully and maliciously caused damage to Plaintiff's vehicle.  Section 523(a)(6) reads in pertinent part "A discharge...does not discharge an individual debtor from any debt...for willful and malicious injury by the debtor to another entity or the property of another entity."  In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. *Fisher v. Scarborough (In re Scarborough)*, 171 F.3d 638, 640 (8th Cir. 1999).  The Supreme Court addressed the term "willful" for purposes of § 523(a)(6) and concluded that the

---

[2] Plaintiff's Exhibit #1.

[3] Plaintiff's Exhibit # 4.

[4] Plaintiff's Exhibit #4.

word "willful" modifies the word "injury". *See Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998); *Adams v. Zentz*, 157 B.R. 141, 144 (Bankr.W.D.Mo.1993) (willful means deliberate or intentional). Thus, an exception to discharge requires a deliberate or intentional injury, not simply a deliberate or intentional act that leads to injury. *Geiger,* 523 U.S. at 61.

In the Eighth Circuit, an injury is malicious when the debtor intended to harm the creditor at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm. *Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 711 (8th Cir.1996); *see also e.g., Johnson v. Miera (In re Miera)*, 926 F.2d 741, 743 (8th Cir.1991); *Barclays American/Bus. Credit Inc. v. Long (In re Long),* 774 F.2d 875, 881 (8th Cir.1985); *Adams*, 157 B.R. at 144; *Mercury Marine Acceptance Corp. v. Wheeler (In re Wheeler)*, 96 B.R. 201, 205 (Bankr.W.D.Mo.1988); *Cassidy v. Minihan*, 52 B.R. 947, 950 (W.D.Mo. 1985). Intentional harm is difficult to establish, but the likelihood of harm in an objective sense may be considered in evaluating intent. *Long,* 774 F.2d at 881. The mere violation of legal rights is not enough to show malice absent some additional aggravated circumstances. *Id.* It is the intent to cause harm which must exist for an injury to be malicious. *Waugh*, 95 F.3d at 711. Therefore, in order for a debt to be non-dischargeable pursuant to § 523(a)(6), the debtor must have intended the injury to the creditor (willful) and intended the harm to the creditor (malicious). *See Osborne v. Stage (In re Stage)*, 321 B.R. 486, 492-93 (B.A.P. 8th Cir. 2005); *Allstate Insurance v. Dziuk (In re Dziuk)*, 218 B.R. 485, 487 (Bankr.D.Minn.1998).

The Court's findings in the instant matter are largely dependant upon the credibility of the witnesses' testimony at trial. Mrs. Sullivan contends that the debt owed to Plaintiff should be dischargeable because, if Mrs. Sullivan actually did hit Plaintiff's vehicle, a fact which she could

not even recall at trial, her actions were accidental. Other than the facts that she ate pizza for dinner, consumed at least one alcoholic beverage, had an argument with her husband (the subject matter of which she could not recall, other than the fact that it was *absolutely not* about Plaintiff), and that she left her home upset, Mrs. Sullivan was essentially unable to recall any of the events that took place on the night in question. Despite the fact that Debtors admit in their Answer that Mrs. Sullivan "made contact" with Plaintiff's vehicle, but that such "contact was accidental," and the fact that she was prosecuted by the City of Independence, Missouri for hitting Plaintiff's vehicle[5], she initially testified at trial that she could not recall whether she even hit Plaintiff's vehicle. On cross-examination, Mrs. Sullivan then testified that she learned from her husband the following day that she had hit Plaintiff's vehicle, thereby admitting that she actually did know at the time of trial that she had hit Plaintiff's vehicle. Mrs. Sullivan's amnesia regarding certain relevant facts causes the Court to question the credibility of her testimony.

More believable was the Plaintiff's testimony which was that the parties had consumed numerous alcoholic beverages, that the subject matter of the Debtors' argument involved the child of Mr. Sullivan and Plaintiff, that Mrs. Sullivan left the Debtors' home in a rage and that Mrs. Sullivan intentionally drove her vehicle into Plaintiff's vehicle at least three times with the intent to cause damage. Plaintiff stated that she observed Mrs. Sullivan accelerating her vehicle into Plaintiff's vehicle from an outside balcony and that there was sufficient lighting for her to see the parking lot where the vehicles were located. Plaintiff also testified that in February of this year, after Mr. Sullivan left Mrs. Sullivan to move in with Plaintiff, that Mrs. Sullivan

---

[5] Plaintiff's Exhibit #4.

trespassed on her property and, in a fit of rage, threw some of Plaintiff's property around.

The facts that the parties have a past sexual relationship, that Mr. Sullivan is the alleged father of Plaintiff's child and that there is a history of violence between the parties provides a motive for Mrs. Sullivan's fit of rage which resulted in damage to Plaintiff's vehicle. The Court finds that Mrs. Sullivan intended to damage Plaintiff's vehicle, thus she acted willfully. The Court also finds that the circumstances surrounding the incident, specifically her acceleration into Plaintiff's vehicle three times, her getting out of her vehicle to view the damage, and her getting back in and then accelerating into Plaintiff's vehicle one last time, were sufficiently targeted at and focused on Plaintiff's property as to constitute malicious conduct. The Court finds the Debtor's debt to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:   December 12, 2005                   /s/ Dennis R. Dow
                                         THE HONORABLE DENNIS R. DOW
                                         UNITED STATES BANKRUPTCY JUDGE

Copies to:
Jeff A. Burmeister
William Carnes